UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Stephen Bain, | : |
|     Plaintiff, | : |
| | : |
|   v. | :   File No. 1:06-CV-189 |
| | : |
| Robert Hofmann, Prison | : |
| Health Services, Inc., | : |
| Vermont Department of | : |
| Corrections, | : |
|     Defendants. | : |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 14, 17, 20 and 22)

Plaintiff Stephen Bain, a Vermont inmate proceeding *pro se*, brings this action claiming inadequate dental care. Currently pending before the Court are Bain's motion for discovery, motion to compel, and two motions for default judgment. Also pending is defendant Prison Health Services, Inc.'s ("PHS") motion to dismiss. PHS submits that it treats prisoners incarcerated in Vermont, and that because Bain is seeking only injunctive relief, his out-of-state transfer renders his claims against it moot. For the reasons set forth below, Bain's motions for discovery and to compel are DENIED. As to PHS's motion to dismiss, I recommend that the motion be GRANTED but that

dismissal be without prejudice.  I further recommend that Bain's motions for default judgment be DENIED.

## Factual Background

For purposes of the pending motions, the allegations in Bain's complaint will be accepted as true.  On May 22, 2003, Bain was arrested and incarcerated at the Marble Valley Correctional Facility in Rutland, Vermont.  Upon his arrest, he underwent a medical screening and was deemed not be in need of dental services.

In mid-June, 2003, Bain broke a tooth while biting down on a hard object in his food.  On June 29, 2003, he was examined by John Hsu, D.M.D.  Dr. Hsu diagnosed Bain as needing a root canal and crown, but informed him that the Vermont Department of Corrections ("DOC") does not provide those services.  Dr. Hsu offered to extract Bain's broken tooth, but Bain declined.

In July, 2003, Bain was transferred to the Northern State Correctional Facility ("NSCF").  On November 12, 2003, he was seen by Paul Kang, D.M.D.  Dr. Kang acknowledged Bain's need for a root canal and crown, but "refused to send Plaintiff to an out-side

[sic] specialist for treatment, instead he told Plaintiff extraction was the only option, as the Department of Corrections and Corrections Medical Services will not provide Root Canals or Crowns." (Paper 5 at 4).  The next day, Bain awoke with additional pain and swelling.  Bain alleges that he was suffering from an infection as a result of Dr. Kang's examination.

While incarcerated at the NSCF, Bain received no treatment for his broken tooth, his mouth and sinus infections, or his related pain.  On November 19, 2003, he was transferred to the Southern State Correctional Facility ("SSCF"), where he was again seen by Dr. Hsu.  Bain alleges that SSCF had "just opened" and had no dental facilities at that time.  Id. at 4.  He also claims that his pain and infections continued for over one year.

In March of 2004, Bain filed for injunctive relief in state court.  Although the court denied his request for an injunction, Dr. Hsu's contract was allegedly terminated "as a direct result of those proceedings." Id. at 5.  On or about February 1, 2005, the DOC

3

switched medical contractors and retained Prison Health Services to provide medical and dental care to inmates incarcerated in Vermont.

In the spring of 2005, a new dentist extracted Bain's broken and "severely decayed" tooth. Bain now claims that the removed tooth requires a dental implant. Dr. Mike Foster has "patched" one of Bain's other teeth, and Bain claims that this tooth is now in need of a crown. Bain was prescribed antibiotics for his dental and sinus infections, but these medications were allegedly ineffective and had adverse effects on his gums, teeth and immune system.

Bain is now in need of periodontal care, but Dr. Foster has informed him that the DOC will not provide such care. The DOC is also unwilling to allow Bain to see a periodontist in the local community. Bain alleges that his dental condition is "degenerative and continues to deteriorate," and that his dental care has been in violation of his rights under the Eighth Amendment. For relief, Bain requests both preliminary and permanent injunctions, including orders compelling the DOC to

provide him with appropriate medical care by a specialist.

## Discussion

I. Motion to Dismiss

PHS now moves to dismiss on the ground that Bain has been transferred out of Vermont. For a federal court to retain jurisdiction over a case, an actual controversy must exist "at all stages of review, not merely at the time the complaint is filed." Prins v. Coughlin, 76 F.3d 504, 506 (2d Cir. 1996) (citing Preiser v. Newkirk, 422 U.S. 395, 402 (1975)). A case is deemed moot where the problem sought to be remedied has ceased, or where there "is no reasonable expectation that the wrong will be repeated." Id.

In general, a transfer from a prison facility will moot an action for injunctive relief against the transferring facility and related providers because the inmate is no longer incarcerated there. Id.; Young v. Coughlin, 866 F.2d 567, 568 n.1 (2d Cir. 1989). While a prisoner may argue that he is likely to be transferred back to the facility in the future, mere speculation as to a future transfer will not suffice. See Klos v.

5

Haskell, 835 F. Supp. 710, 716-17 (W.D.N.Y. 1993) (citing Martin v. Davies, 917 F.2d 336, 339 (7th Cir. 1990)).

PHS argues that Bain's transfer out of Vermont moots his claims against it. Bain has not opposed the motion. In unrelated but similar litigation, Bain argued that his claims are not moot because he expects to be returning to Vermont in the near future. See Bain v. Hofmann, File No. 1:06-CV-168 (Paper 27-1 at 5). Even assuming such an argument here, Bain's statements would be speculative. Consequently, the claims for injunctive relief against PHS are moot, and should be dismissed. Nonetheless, Bain may indeed be returned to Vermont, and may again wish to include PHS as a party to this lawsuit. I therefore recommend that the Court GRANT the motion to dismiss, but that the dismissal be without prejudice.

II.  Motion for Default Judgment

Bain has filed two motions for a default judgment. His motions claim that the defendants failed to file a timely answer. Defendants Hofmann and DOC were served via waiver sent on November 6, 2006. Accordingly, their

answers were due on or before January 5, 2007. Hofmann and PHS filed a joint answer to Bain's amended complaint on December 15, 2006.

On January 19, 2007, the Court ordered the DOC to file an answer within 10 days. The Court also ruled that a motion for default may be filed on behalf of the plaintiff. The DOC is represented by the same attorney as Hofmann and PHS.

The DOC filed its answer on February 9, 2007. Although this filing did not comply with the Court's 10-day deadline, the Court received no motion for default prior to receiving the DOC's answer. Bain claims that his failure to file a motion for default was due to delays in his mail delivery, and that he did not receive the Court's January 19, 2007 order until February 9, 2007.

"The dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Enron Oil Corp. v. Diakuhara, 10

7

F.3d 90, 95 (2d Cir. 1993).  Moreover, defaults are "generally disfavored" due to the "oft-stated preference for resolving disputes on the merits."  <u>Id.</u> at 95-96.  In considering a motion for default judgment, a court may consider whether plaintiff has been substantially prejudiced by the delay involved, and how harsh an effect a default judgment might have on the defendant. <u>See</u> 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure, §§ 2685, 2688.

In this case, the granting of a default would mean the entry of an injunction against the DOC, regardless of the underlying merits of the case.  This result would be unnecessarily harsh, particularly considering that the delay in question was less than two weeks.  Indeed, the plaintiff has suffered no prejudice as a result of this delay.  Answers were filed by the other defendants, the case will proceed accordingly, and there is no discovery schedule in place.  I therefore recommend that the motions for default judgment be DENIED.

IV.  <u>Motion for Discovery</u>

Bain has also filed a motion requesting discovery and a motion to compel.  Discovery requests should be

8

submitted to the opposing party, not the Court.  The Court only requires that a party file a certificate of service demonstrating that discovery was, in fact, served upon the opposing party.  <u>See</u> Local Rule 26.1(f).

In a motion to compel, the moving party must submit an affidavit stating that he has tried in good faith to resolve a discovery dispute without the Court's intervention.  The affidavit must also cite any unresolved issues and "the reasons therefore," and set forth the dates and other information detailing contacts between the parties on these issues.  <u>See</u> Local Rule 26.1(d).  Bain's motion to compel states only that he "has made a good faith effort to obtain discoverable information" from the defendants' attorney, and that he has had "virtually no correspondence" with opposing counsel.  (Paper 22 at 1).  These statements do not comply with the requirements of the Local Rules.  Bain's motions for discovery and to compel discovery are, therefore, DENIED.

<u>Conclusion</u>

For the reasons set forth above, Bain's motions for discovery (Paper 14) and to compel (Paper 22) are

DENIED.  I recommend that Bain's motions for default judgment (Papers 20 and 22) be DENIED, and that Prison Health Service's motion to dismiss (Paper 17) be GRANTED.  I further recommend that dismissal of Prison Health Services be without prejudice.

Dated at Burlington, in the District of Vermont, this 24th day of May, 2007.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).