```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

Stephen Bain,                         :
        Plaintiff,                    :
                                      :
    v.                                :    File No. 1:06-CV-189
                                      :
Robert Hofmann, Vermont               :
Department of Corrections,            :
Jane Does, John Does,                 :
Steven Gold, Dr. John Hsu,            :
Dr. Paul Kang, Kathy                  :
Lanman, Pat Lewis, Dr.                :
Pamela Peterson, Keith                :
Tallon, Dr. Susan Wehry,              :
Corrections Medical                   :
Services,                             :
        Defendants.                   :
```

OPINION AND ORDER
(Papers 38 and 42)

Plaintiff Stephen Bain, a Vermont inmate proceeding *pro se*, brings this action claiming that he has received inadequate dental care while in prison.  Currently pending before the Court is a motion to dismiss filed by defendants Hsu, Kang and Correctional Medical Services ("CMS").  The motion argues that Bain's claims are barred by *res judicata* because he raised similar claims in state court.  However, as discussed more fully below, the movants have not established that the state court's ruling constituted a final judgment. The motion to dismiss is, therefore, DENIED.

Factual Background

For purposes of the motion to dismiss, the allegations in the complaint will be accepted as true.  On May 22, 2003,

Bain was arrested and incarcerated at the Marble Valley Correctional Facility in Rutland, Vermont. Upon his arrest, he underwent a medical screening and was deemed not to be in need of dental services.

In mid-June, 2003, he broke a tooth while biting down on a hard object in his food. On June 29, 2003, he was examined by John Hsu, D.M.D. Dr. Hsu diagnosed Bain as needing a root canal and crown, but informed him that the Vermont Department of Corrections ("DOC") does not provide those services. Dr. Hsu offered to extract Bain's broken tooth, but Bain declined.

In July, 2003, Bain was transferred to the Northern State Correctional Facility ("NSCF"). On November 12, 2003, he was seen by Paul Kang, D.M.D. Dr. Kang acknowledged Bain's need for a root canal and crown, but "refused to send Plaintiff to an out-side [sic] specialist for treatment, instead he told Plaintiff extraction was the only option, as the Department of Corrections and Corrections Medical Services will not provide Root Canals or Crowns." (Paper 5 at 4). The next day, Bain awoke with additional pain and swelling. Bain alleges that he was suffering from an infection as a result of Dr. Kang's examination.

While incarcerated at the NSCF, Bain received no treatment for his broken tooth, his mouth and sinus

infections, or his related pain.  On November 19, 2003, he was transferred to the Southern State Correctional Facility ("SSCF"), where he was again seen by Dr. Hsu.  Bain alleges that SSCF had "just opened" and had no dental facilities at that time.  Id. at 4.  Bain's pain and infections continued for over one year.

In 2004, Bain filed suit in state court.  On March 11, 2005, the Windsor Superior Court held an evidentiary hearing on his motion for injunctive relief.  The court applied the federal standard for preliminary injunctive relief and found that Bain had failed to show either irreparable harm or a likelihood of success on the merits.  (Paper 38-2 at 5-6) (citing Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70 (2d Cir. 1979).  In denying the motion, the state court found that

> the Department of Corrections, through its medical provider CMS, has advised Mr. Bain that his tooth cannot be salvaged by root canal and should be extracted . . . .  In Dr. Hsu's professional judgment, extraction of the tooth is in accordance with the prevailing medical standards.  While Mr. Bain is steadfast in his belief that a root canal should have been performed previously and still should be explored, he had no medical evidence that such a procedure should be performed nor that extraction fell below prevailing medical standards.

(Paper 38-2 at 5-6).

In the spring of 2005, a new dentist extracted Bain's broken and "severely decayed" tooth.  Bain now claims that

3

the removed tooth requires a dental implant.  He was prescribed antibiotics for his dental and sinus infections, but these medications were allegedly ineffective and had adverse effects on his gums, teeth and immune system.  Bain alleges that his dental condition is "degenerative and continues to deteriorate," and that his dental care has been in violation of his rights under the Eighth Amendment.  He filed the instant action in 2006 seeking compensatory and punitive damages.

## Discussion

The movants contend that Bain's state court litigation bars consideration of his federal claims under the doctrine of *res judicata*.  "The full faith and credit clause of the Constitution of the United States requires a federal court to give the same preclusive effect to a state court judgment as would be given in the state in which it was rendered." Davidson v. Capuano, 792 F.2d 275, 277-78 (2d Cir. 1986) (citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984)).  Under Vermont law, "[r]es judicata bars litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter, and causes of action are identical or substantially identical."  Kellner v. Kellner, 2004 VT 1, § 8.

The general subject matter of Bain's current action – his dental care in prison – is the same as that brought before the state court.  There may, however, be factual differences relating to his care since the state court's decision in 2005.  As to the parties involved, Bain brought his state court action against Steven Gold, then-Commissioner of the Vermont DOC.  His current case is brought against over a dozen defendants, including Gold, current DOC Commissioner Robert Hofmann, and various health care providers.  The movants argue that although the parties in the two actions are different, they are entitled to *res judicata*, in part, because their contract with the DOC put them in privity with Commissioner Gold.

With respect to causes of action, there is no indication that the state court case involved any federal claims.  Nonetheless, the movants argue that a prior state court proceeding can bar a federal civil rights claim.  The movants have not addressed the question of whether factual developments since 2005 impact this analysis.

The Court need not address questions regarding either parties or causes of action at this time, given the lack of record evidence of a final judgment on the merits in the state court case.  A final judgment is a clear prerequisite for the application of *res judicata*.  See Kellner, 2004 VT 1,

¶ 8.  While Vermont law does not specify whether a ruling on a preliminary injunction motion may be considered a final judgment, the general rule is that preliminary injunction rulings are not final judgments for purposes of *res judicata*. See, e.g., Goodheart Clothing Co. v. Laura Goodman Enters., Inc., 962 F.2d 268, 274 (2d Cir. 1992) ("It would . . . be anomalous at least in most cases . . . to regard the initial ruling [on a motion for a preliminary injunction] as foreclosing the subsequent, more thorough consideration of the merits that the preliminary injunction expressly envisions."); Don King Prods., Inc. v. Douglas, 742 F. Supp. 741, 754 (S.D.N.Y. 1990) (collecting cases).  Indeed, a ruling on a preliminary injunction does not necessarily dictate the final outcome.  As the Supreme Court has explained,

> [t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. Given this limited purpose, and given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits. A party thus is not required to prove his case in full at a preliminary injunction hearing . . . and the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits.

Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981).

The motion to dismiss states that the preliminary injunction decision "has become final." (Paper 38 at 3). However, the movants provide no record support for this assertion. The motion to dismiss also cites Vermont law on the preclusive effect of a voluntary dismissal, but does not explain why that law is relevant in this case. While the Court may take judicial notice of the state court decisions on the preliminary injunction motion, see Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86 (2d Cir. 2000), it may not accept unsupported assertions of fact, or unexplained references to principles of law, as bases for dismissing a lawsuit. Accordingly, the motion to dismiss is DENIED.

## Conclusion

For the reasons set forth above, the motion to dismiss (Paper 38) is DENIED. Defendant Kang's motion to join the motion to dismiss (Paper 42) is GRANTED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 25th day of June, 2008.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge