UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Stephen Bain,                           :
        Plaintiff,                      :
                                        :
    v.                                  :    File No. 1:06-CV-189
                                        :
Dr. John Hsu, Dr. Paul                  :
Kang, Steven Gold, Robert               :
Hofmann, Kathy Lanman,                  :
Keith Tallon, Dr. Susan                 :
Wehry, Vermont Department               :
of Corrections, Dr. Pamela              :
Pedersen, Pat Lewis,                    :
Correctional Medical                    :
Services, John and Jane                 :
Does,                                   :
        Defendants.                     :

OPINION AND ORDER
(Doc. 54)

Plaintiff Stephen Bain, a Vermont inmate proceeding *pro se* in this consolidated 42 U.S.C. § 1983 action, alleges he has received inadequate dental care for a broken tooth while in prison, in violation of his Eighth and Fourteenth Amendment rights.  He also asserts a claim under title 28, section 801 of the Vermont Statutes Annotated, which requires medical care for inmates under prevailing medical standards.  Currently pending before the Court is the Defendants' motion for summary judgment on all claims.[1]  For the reasons set

---

[1] Defendants Steven Gold, Robert Hofmann, Kathy Lanman, Keith Tallon, Dr. Susan Wehry, the Vermont Department of Corrections, Dr. Pamela Pedersen, and Pat Lewis filed a motion for summary judgment on 1/15/10. (Doc. 54.)  Defendants Correctional Medical Services (listed as Corrections [sic] Medical Services in the official caption), Dr. John Hsu

forth below, the motion for summary judgment (Doc. 54) is GRANTED as to all claims.

## Factual Background

Bain is currently an inmate in the custody of the Vermont Department of Corrections ("DOC") and has been incarcerated since May 23, 2003.  In response to the Defendants' motion for summary judgment, Bain has submitted only an affidavit and statement of disputed facts, both of which largely repeat allegations from his complaints.  The following facts are undisputed.

When Bain was first incarcerated at the Marble Valley Correctional Facility, medical screening revealed he did not need dental services.  (Doc. 5 ¶ 7.)  In mid-June 2003, while incarcerated at the South Eastern State Correctional Facility, Bain broke tooth number four while biting down on a hard object in his food.  Id. ¶ 10.

Bain was initially examined by Dr. John Hsu on June 29, 2003.  Id. ¶ 11.  Dr. Hsu provided dental services to inmates under the DOC's contract with Defendant Correctional Medical Services ("CMS").  Dr. Hsu observed Bain's tooth, which was broken almost to the gum line, and informed him that an x-ray was necessary in order to make a diagnosis and recommend

---

and Dr. Paul Kang join in that motion.  (Doc. 56.)

treatment.  (Pl.'s Statement of Disputed Facts, Doc. 67 ¶ 5; Defs.' Statement of Undisputed Facts, Doc. 54-1 ¶ 6.)  Dr. Hsu stated Bain needed a root canal and crown, but informed him that the Vermont Department of Corrections did not provide root canals or crowns.  (Doc. 5 ¶ 12.)  There were no dental facilities at South Eastern State Correctional Facility.  Id. ¶ 13.  Dr. Hsu put Bain on a dentist list. Id.  Bain avers that Dr. Hsu "offered to extract the broken tooth there and then without any type of anesthesia."  (Doc. 67 ¶ 5.)  Bain declined.  (Doc. 5 ¶ 13.)

Bain was next seen on November 12, 2003 by Dr. Paul Kang.  Id. ¶ 15.  He asserts that Dr. Kang "acknowledged my need for a restorative 'root canal and crown,'" but instead recommended extraction because root canals and crowns were not part of the dental services provided to DOC inmates. (Doc. 67 ¶ 7; Doc. 5 ¶ 16.)  Defendants agree that these services were not available to inmates.  (Doc. 54-1 ¶ 7.) Bain has not disputed that when Dr. Kang told him root canal and crown procedures were not available, Bain became "upset and 'aggressive' towards the doctor and his assistant, forcing the parties to cut short the appointment before Dr. Kang could explain the other services available to the Plaintiff. Plaintiff left the appointment refusing to sign a refusal of

treatment form as to tooth #4." Id. ¶ 9.  Bain criticizes Dr. Kang's failure to offer an appointment with a community dentist for an elective procedure, as Dr. Hsu did in subsequent visits.  (Doc. 67 ¶ 7.)  He also states that as a result of Dr. Kang's examination, the next morning his face, sinus and mouth became swollen from an infection.  Id. ¶ 8.  Bain submitted a grievance to Pat Lewis, R.N., Dr. Pamela Peterson, and Superintendent Kathy Lanham, but states that "Pat Lewis R.N. and Dr. Pamela Pedersen refused to evaluate my infection or address these serious painful medical/dental condition[s]."  Id. ¶ 10; see also Compl. at ¶ 19, Bain v. Hsu, No. 06-cv-215 (D. Vt. Nov. 1, 2006), ECF No. 4.

   Bain's complaint alleges that his dental and sinus infections were at one point treated with antibiotics, although he claims the antibiotics were mis-prescribed and ineffective.  (Doc. 5 ¶ 29.)  Bain was transferred to the newly opened Southern State Correctional Facility on or about November 19, 2003.  (Doc. 67 ¶ 12.)  Dr. Hsu examined him on November 23, 2003 and again recommended extraction of the tooth, which he now deemed beyond repair.  (Doc. 54-1 ¶ 10; Doc. 5 ¶ 21.)  Bain refused.  (Doc. 54-1 ¶ 10.)  Bain returned to Dr. Hsu twice in December 2003, and Dr. Hsu offered to set up an appointment with a community dentist so

4

Bain could obtain a root canal at his own cost.  (Doc. 67 ¶ 13.)  Bain did not seek out the private consultation.  Dr. Hsu examined him again in January 2004 and again recommended extraction.  (Doc. 54-1 ¶ 10.)  Over the course of Bain's treatment, Dr. Hsu prescribed Tylenol with codeine and ibuprofen for Bain's pain.  Id. ¶ 12.

In 2004, Bain filed suit in Windsor Superior Court, and on March 11, 2005, the court held an evidentiary hearing on his motion for preliminary injunctive relief.  The court held that Bain failed to show irreparable harm or a likelihood of success on the merits.  (Doc. 54-2.)

CMS's and Dr. Hsu's contract with the DOC ended in early 2005.  (Doc. 5 ¶ 27.)  In the spring of 2005, Bain's tooth was ultimately extracted by a dentist associated with the new provider, Prison Health Services.  (Doc. 5 ¶ 28.)

Bain also asserts that a second tooth, number nine, is fractured, has been patched, but will need a solution other than extraction "at some point in the future."  (Doc. 5 ¶ 32; Doc. 67 ¶ 17.)  Bain complains of tooth sensitivity to hot and cold, and of difficulty chewing and eating, but he does not attribute these symptoms directly to the fractured tooth or to inadequate care.  (Doc. 5 ¶ 33.)   Bain is seeking damages and injunctive relief.

Discussion

I.   Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, a motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Shannon v. N.Y. City Transit Auth., 332 F.3d 95, 98 (2d Cir. 2003). The burden of demonstrating the absence of any genuine dispute as to material facts rests upon the party seeking summary judgment. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000). "Once a properly supported motion for summary judgment has been made, the burden shifts to the non-moving party to make a sufficient showing to establish the essential elements of that party's case on which it bears the burden of proof at trial." Granger v. Gill Abstract Corp., 566 F. Supp. 2d 323, 329 (S.D.N.Y. 2008) (citing Hayut v. State Univ. of N.Y., 352 F.3d 733, 743 (2d Cir. 2003)). "Conclusory allegations, conjecture, and

speculation . . . are insufficient to create a genuine issue of fact." Shannon, 332 F.3d at 99. Where a plaintiff proceeds *pro se*, his pleadings should be read liberally and interpreted to raise the strongest arguments they suggest. McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999).

II.   Constitutional Claim

Bain brings his claim under the Eighth and Fourteenth Amendments. The Eighth Amendment applies to the State through the Fourteenth Amendment. See Sims v. Artuz, 230 F.3d 14, 20 (2d Cir. 2000). The rights of pre-trial detainees are protected solely by the due process provisions in the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). Bain's pre-trial detainee status changed to that of inmate over the course of his treatment, however, the change does not alter the analysis, because medical treatment claims for both periods of incarceration are assessed under the same standard. See Caiozzo v. Koreman, 581 F.3d 63, 71-72 (2d Cir. 2009).

The Eighth Amendment explicitly prohibits the infliction of "cruel and unusual punishment." U.S. CONST. amend. VIII. "An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met." West v. Atkins, 487 U.S. 42,

54 (1988) (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)). "In light of this, the [Supreme] Court held that the State has a constitutional obligation, under the Eighth Amendment, to provide adequate medical care to those whom it has incarcerated." West, 487 U.S. at 54.

To succeed on an Eighth Amendment claim, a plaintiff must satisfy two requirements.  First, the prisoner must show that the deprivation was "objectively, sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Second, he must show that the prison official acted with "deliberate indifference" because he knew of and disregarded an excessive risk to inmate health or safety and failed to take measures to avoid the harm.  Id. at 837.  The official must have acted with a "sufficiently culpable state of mind."  Chance v. Armstrong, 143 F.3d 698, 172 (2d Cir. 1998).  "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Farmer, 511 U.S. at 844.

The Defendants argue that Bain cannot support his allegation that Defendants were deliberately indifferent to his dental needs.  To succeed on a claim of deliberate indifference, a plaintiff must show "acts or omissions

8

sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).

"It is well established that mere disagreement over the proper treatment does not create a constitutional claim," so long as the treatment was adequate. Chance, 143 F.3d at 703. Thus, "disagreements over . . . forms of treatment, or the need for specialists . . . are not adequate grounds for a section 1983 claim." Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001).

Here, the undisputed facts in the record at summary judgment, even when viewed in a light most favorable to Bain, do not support a claim of serious deprivation or of deliberate indifference. Bain's own submissions confirm he was first examined by Dr. Hsu very shortly after suffering the broken tooth. At that first visit the dentist recommended extraction, because a root canal was not an available option, and Bain was put on a list for treatment. He was next seen by Dr. Kang, who also informed him root canal and crown procedures were not available, and the tooth should be extracted. Bain refused treatment.

Bain has not offered any evidence, aside from his own opinion, to counter the conclusions reached by Drs. Hsu and

Kang that extraction was the only available option. Bain was offered access to a community dentist, but perhaps he did not have the resources to pursue this avenue. He ultimately agreed to have the tooth extracted.

Bain's fundamental argument is he should have been provided a root canal and crown, and the defendants' failure to offer such treatment violated his constitutional rights. The record reflects he was provided regular and frequent dental care. The issue is whether the care provided satisfied constitutional requirements.

Several other courts have considered whether providing dental extractions rather than restorative procedures violates the Eighth Amendment. Almost uniformly, these courts have found no constitutional violation. One district court reasoned:

> As for plaintiff's dental problem, he was not *denied* medical care; his problem was corrected through the extractions. Plaintiff is simply complaining that jail officials would not provide his preferred, but not medically required, alternative treatment, i.e. a free root canal. However, the federal constitution does not require that a prisoner be allowed to demand a costlier form of treatment when a cheaper but still effective treatment will suffice. The mere fact that a prisoner's medical treatment "may not have been the best money could buy" is simply insufficient to establish a constitutional violation.

Lathers v. Nelson Coleman Corr. Ctr., 2010 WL 1489903, at *9 (E.D. La. Mar. 22, 2010)(citations omitted).  Other courts have reached similar conclusions.  See James v. Pa. Dep't of Corr., 230 Fed. App'x 195 (3d Cir. 2007) (holding inmate failed to allege deliberate indifference when he was denied a root canal and tooth was extracted); McQueen v. Karr, 2002 WL 31688891, at *1 (5th Cir. Oct. 29, 2002) (finding inmate failed to state a claim for an Eighth Amendment violation where he argued he was entitled to restorative dental care instead of tooth extraction); Koon v. Ubah, 2008 WL 724041, at *7 (D.S.C. Mar. 17, 2008) (finding no Eighth Amendment violation where inmate demanded root canal instead of extraction); Del Muro v. Fed. Bureau of Prisons, 2004 WL 1542216 (N.D. Tex. July 8, 2004) (finding no Eighth Amendment violation where prisoner argued he was entitled to crowns and/or a bridge rather than tooth extraction).

In Chance v. Armstrong, the Second Circuit suggested that a physician could be deliberately indifferent if he consciously chose an unnecessary course of treatment for cavities, i.e., extraction, when less invasive procedures could have saved an inmate's teeth.  Chance, 143 F.3d 698, 703-04 (2d Cir. 1998).  The panel also suggested that in Chance's case, if he could support his allegation that his

11

extraction was also motivated by improper monetary incentives, that his Eighth Amendment claim could survive summary judgment.  Id. at 704.

Here, Bain has presented no evidence that extraction is an unnecessary course of treatment for a broken and decayed tooth, and there is no indication in the record that the treating dentists had improper motives.  Nor is this a case where medical providers blindly followed DOC protocol in the face of contrary recommendations.  See Johnson v. Wright, 412 F.3d 398, 406 (2d. Cir. 2005) (vacating grant of summary judgment on Eighth Amendment claim, where defendants reflexively applied DOCS policy "in the face of the unanimous, express, and repeated recommendations of plaintiff's treating physicians, including prison physicians").  Indeed, many courts have found extraction to be a constitutionally valid treatment.  See, e.g., Lathers, 2010 WL 1489903, at *9; see generally Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986) ("The Constitution does not command that inmates be given the kind of medical attention that judges would wish to have for themselves.  The essential test is one of medical necessity and not one simply of desirability.") (internal quotation marks and citations omitted).

Finally, there is nothing in the record to support the conclusion that Drs. Hsu and Kang acted with deliberate indifference to Bain's dental needs. See, e.g., <u>Williams v. Vincent</u>, 508 F.2d 541, 544 (2d Cir. 1974) (reversing dismissal of Eighth Amendment claim for failure to state a cause of action where prison doctors closed wound left by severing of plaintiff's ear, rather than trying to reattach it, after telling plaintiff "he did not need his ear" and disposing of it). To the contrary, the record indicates that Bain received frequent dental care, repeated offers of extraction and treatment, which he refused, and treatment for his pain and infection.

Bain's allegation that his patched number nine tooth may need a root canal or other solution "at some point in the future" (Doc. 5 ¶ 34) is not ripe for adjudication. Bain has not alleged any present or imminent injury to that tooth.

The Defendant's motion for summary judgment on Bain's 42 U.S.C. § 1983 claim is therefore GRANTED.

III. <u>"Prevailing Medical Standards" Claim</u>

The Defendants also move for summary judgment on Bain's state law claim under title 28, section 801 of the Vermont Statutes Annotated, which requires the DOC to provide health care for inmates "in accordance with the prevailing medical

13

standards." 28 V.S.A. § 801(a).  The Defendants construe Bain's section 801 claim as one of medical negligence, and argue that without an expert, Bain cannot maintain his claim.

Under Vermont law, a plaintiff bringing a claim of medical malpractice must prove: (1) the proper standard of medical skill and care; (2) that the defendant either lacked the requisite knowledge or skill or failed to exercise this degree of care; and (3) that as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care, the plaintiff suffered injuries that would not have otherwise been incurred. 12 V.S.A. § 1908; Lockwood v. Lord, 163 Vt. 210, 213 (1994).  "These elements must generally be proved by expert testimony."  Lockwood, 163 Vt. at 213 (citing Begin v. Richmond, 150 Vt. 517, 520 (1988)); see also Jones v. Block, 171 Vt. 569, 569 (2000).  "Except where the alleged violation of the standard of care is so apparent that it can be understood by a layperson without the aid of medical experts, the burden of proof imposed by [Vermont's medical malpractice statute] requires expert testimony." Provost v. Fletcher Allen Health Care, Inc., 179 Vt. 545, 547 (2005).

In this case, the Court has only the opinions of the treating dentists, each of whom appear to have been in

14

agreement. No expert has been identified on behalf of the Plaintiff. Furthermore, the standard of care with regard to treatment of a broken tooth is not so clear that a layperson could reasonably conclude that extraction was outside the bounds of the prevailing standard. Furthermore, Bain has not come forward with any evidence beyond his allegations in support of his claim. Accordingly, the Defendants' motion for summary judgment is GRANTED with respect to any claim of medical negligence, as well as Bain's claim under 28 V.S.A. § 801.

## Conclusion

For the reasons set forth above, the Defendants' motion for summary judgment (Doc. 54) with respect to Bain's claims under 42 U.S.C. § 1983 and under 28 V.S.A. § 801 is GRANTED.

It is further certified that any appeal taken <u>in forma pauperis</u> from this Order would not be taken in good faith because such an appeal would be frivolous. <u>See</u> 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 29th day of September, 2010.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge